UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
DR. GERALD R. FINKEL, as Chairman of the Joint :
Industry Board of the Electrical Industry, :
: 
                                             Petitioner, :  ORDER
:
          -against- :  18-cv-5436 (ENV) (JO)
:
LITTLE SILVER ELECTRIC, INC., :
:
                                             Respondent. :
---------------------------------------------------------------------- x

VITALIANO, D.J.

      Petitioner Gerald R. Finkel began this action on September 27, 2018 against respondent Little Silver Electric, Inc. ("Little Silver"), to confirm and enforce an arbitral award resolving claims made pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act of 1947 ("LMRA"). Pet., Dkt. 1.

## Background

      Finkel is the chairman of an industry board that serves as the administrator and fiduciary of various ERISA plans between Local Union No. 34 of the International Brotherhood of Electrical Workers, AFL-CIO and certain employers and employer associations under a collective bargaining agreement ("CBA"). Pet. ¶ 4. Little Silver agreed to be bound by the CBA as of August 14, 2017. *Id.* ¶ 14.

      As provided in the CBA, the industry board collects weekly remittances from employers – including ERISA plan contributions, union member employee "assessments" and non-ERISA contributions – to fund its benefit plans. *Id.* ¶ 9-12. An employer who fails to abide by the CBA's required contributions is liable for, *inter alia*, unpaid contributions, liquidated damages, interest, attorney's fees and costs. *Id.* ¶ 23-25. The board has established arbitration procedures

1

to resolve disputes about unpaid contributions. *Id.* ¶ 24.

On June 7, 2018, Finkel commenced an arbitration proceeding after Little Silver allegedly breached its CBA payment obligations. *Id.* ¶ 26-28. Little Silver did not appear at the arbitration hearing held on August 13, 2018, and, in its absence, the arbitrator issued a decision finding Little Silver liable for a total of $31,227.31, including $22,021.79 in delinquent contributions; $4404.36 in liquidated damages; $84.49 in interest; $3316.67 in legal fees and costs; and $1400 in arbitration fees. *Id.* ¶ 30-31. Little Silver has neither challenged nor complied with the arbitral award. *Id.* ¶ 32-33.

Finkel timely filed the instant petition seeking confirmation of the arbitral award and an order directing the respondent to pay post-judgment interest, attorney's fees and costs. Little Silver did not respond to the petition, prompting Finkel to move to treat the unopposed petition as a motion for summary judgment. Dkt. 9. That application was referred to Magistrate Judge James Orenstein for a Report & Recommendation ("R&R") on December 7, 2018.

On August 8, 2019, Judge Orenstein issued his R&R, recommending that the arbitration award be confirmed and that judgment be entered in the total amount of $35,057.32. R&R, Dkt. 10, at 7. In his report, Judge Orenstein recognized that "courts must grant an arbitration panel's decision great deference" and that "an arbitration award [may be vacated] in only four specifically enumerated situations, all of which involve corruption, fraud, or some other impropriety on the part of the arbitrators." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). On that foundation, Judge Orenstein determined that Finkel submitted sufficient documentation to show that Little Silver breached its CBA obligations and that the arbitral result had a "colorable justification." R&R at 4. He, therefore, recommended that the Court confirm the arbitral award of $31,227.31. *Id.*

Next, Judge Orenstein observed that ERISA mandates that courts award interest on unpaid contributions, and to do so pursuant to any rate set by contract. *Id.* at 5. The CBA here prescribes a rate of ten percent, which results in interest of $2262.51. *Id.* Following that, he found that reasonable attorney's fees are recoverable here, and Finkel sought reimbursement of $2483 in fees for 9.2 hours of work. Judge Orenstein determined, however, that the rates proposed by Finkel "exceed those normally approved in this district" and recommended a reduced award of $1167.50 in attorney's fees. *Id.* at 6. Finally, because the docket "conclusively establishes" that Finkel incurred $400 in costs to file the complaint but does not document the $75 in claimed service fees, Judge Orenstein recommended that Finkel be awarded only $400 in costs. *Id.* at 7.

Notice of time to object to the R&R was given. *Id.* Neither party filed any objections within the prescribed time to do so.[1]

## Discussion

Where no party has objected to a report and recommendation, clear error review applies. *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). Having carefully reviewed the R&R in accordance with this standard, the Court finds it to be correct, well-reasoned and free of any clear error. The Court, therefore, adopts the R&R, in its entirety, as the opinion of the Court.

## Conclusion

For the foregoing reasons, the R&R is adopted, in its entirety, as the opinion of the Court. The arbitral award is confirmed against Little Silver, and judgment shall be entered in the total

---

[1] The record reflects that Little Silver was served with a copy of the R&R on August 8, 2019. Dkt. 11.

3

amount of $35,057.32 (consisting of the arbitral award of $31,227.31 in unpaid contributions, liquidated damages, pre-arbitral interest and arbitral legal fees and costs; $2262.51 in pre-judgment interest; $1167.50 in attorney's fees; and $400 in costs).

The Clerk of Court is directed to enter judgment accordingly, to mail a copy of this Order to respondent and to close this case.

So Ordered.

Dated: Brooklyn, New York
       August 30, 2019

 

s/ Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge

4